IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **CURTIS LEE SHEPPARD, JR.,** § | | |
| **TDCJ No 1656666,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 7:18-cv-00155-M-BP | |
| § | | |
| **JUDGE REED O'CONNOR,** *et al.*, § | | |
| § | | |
| Defendants. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Curtis Lee Sheppard, Jr., an inmate confined in the Michael Unit of the Texas Department of Criminal Justice in Tennessee Colony, Texas. Sheppard complains about his life in prison and lack of success in numerous cases that he has filed in federal court. (*See* ECF No. 1). He requests declaratory relief and the assessment of a fine "amounting to several hundred million dollars." (*Id.* at 28–30).

Plaintiff seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (*See* ECF No. 2). In 2014, the United States Court of Appeals for the Fifth Circuit dismissed an appeal that Plaintiff filed because he had accumulated three strikes under the provisions of 28 U.S.C. § 1915(g). *See Sheppard v. Livingston*, 575 F. App'x 498 (5th Cir. 2014) (per curiam). Review of Plaintiff's litigation history confirms that he is barred from proceeding *in forma pauperis* pursuant to the provisions of the Prison Litigation Reform Act of 1995.

28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least three of Curtis Lee Sheppard, Jr.'s prior civil actions, each filed when he was incarcerated, have been dismissed as frivolous or malicious or for failure to state a claim. *See Sheppard v. Alford*, No. 1:11-cv-169 (E.D. Tex.) (dismissed on August 22, 2012 for failure to state a claim); *Sheppard v. Gray*, No. 7:09-cv-195 (N.D. Tex.) (dismissed on June 16, 2010 as frivolous); and *Sheppard v. Stout*, No. 7:10-cv-024 (N.D. Tex.) (dismissed on February 26, 2010 as frivolous). Review of the complaint filed in the instant case reflects that Plaintiff has failed to present any allegation that could establish that he is under imminent danger of serious physical injury. Therefore, he is not entitled to proceed *in forma pauperis*. If he wishes to pursue the instant claims, Plaintiff must pay the $400.00 filing and administrative fees. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

For the foregoing reasons, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** this action as barred by the three strikes provision of 28 U.S.C. § 1915(g) and that the dismissal be without prejudice to Plaintiff's right to reopen the case if he pays the $400.00 filing and administrative fees and files a motion to reopen within thirty days of the date of Chief Judge Lynn's order.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is

made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on October 17, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3